**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAOZHONG WU, | No. 12-72455 |
| Petitioner, | Agency No. A099-723-042 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Baozhong Wu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  We deny Wu's request for oral argument.

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies both within Wu's testimony and between his testimony and his application regarding his ability to work after his release from detention and the alleged imposition of a reporting requirement. *See id.* at 1043-44. Wu's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Wu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, because Wu's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**